Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EVELYN GARCÍA RODRÍGUEZ  Recurrida  v.  WALGREENS OF PUERTO RICO, INC.  Peticionario | TA2025CE00705 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Caso número: PO2025CV00039  Sobre: Despido Injustificado (Ley 80) |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 3 de noviembre de 2025.

Comparece la parte peticionaria, Walgreens of Puerto Rico, Inc., mediante la *Petición de Certiorari* de epígrafe y nos solicita que revoquemos la *Orden de Recalendarización de Caso* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 20 de octubre de 2025, notificada al día siguiente. Mediante el referido dictamen, el foro primario le concedió un término de veinte (20) días a la parte peticionaria para proveer la lista de los testigos que utilizará en el juicio, con un resumen de lo que propone cubrir con cada testimonio.

De manera conjunta, la parte peticionaria presentó ante este Foro una *Moción en Auxilio de Jurisdicción,* mediante la cual nos solicita que emitamos una orden provisional en la que decretemos la paralización de los procedimientos ante el foro *a quo*.

Por los fundamentos que se exponen a continuación, se desestiman por falta de jurisdicción, tanto la *Petición de Certiorari* como la *Moción en Auxilio de Jurisdicción*. Veamos.

## I

El 8 de enero de 2025, la recurrida Evelyn García Rodríguez (García Rodríguez) presentó una *Querella* sobre despido injustificado, al amparo de la *Ley de indemnización por despido sin justa causa,* Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, y discrimen en el empleo por falta de acomodo razonable, de conformidad con la *Ley contra el discrimen en el empleo,* Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.*, en contra de la parte peticionaria, Walgreens of Puerto Rico, Inc. (Walgreens).[1] La referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

Por su parte, el 14 de febrero de 2025, Walgreens presentó un escrito de *Contestación a Querella.*[2] Esencialmente, la parte peticionaria alegó que el despido de la recurrida fue con justa causa. Esto, debido a que incurrió en actuaciones que reflejaron un patrón de violaciones a la política de descuentos de empleados.

El 22 de febrero de 2025, García Rodríguez solicitó autorización al foro primario para enmendar la querella.[3] El foro primario, por su parte, autorizó la enmienda solicitada.[4] En consecuencia, el 28 de febrero de 2025, Walgreens presentó una *Contestación a Querella Enmendada.*[5]

Luego de varias incidencias procesales, el 16 de octubre de 2025, Walgreens presentó una moción en la que informó que había notificado la transcripción de una deposición tomada a la recurrida.[6]

---

[1] Entrada núm. 1 del caso núm. PO2025CV00039 del SUMAC.
[2] Entrada núm. 3 del caso núm. PO2025CV00039 del SUMAC.
[3] Entrada núm. 10 del caso núm. PO2025CV00039 del SUMAC.
[4] Entrada núm. 12 del caso núm. PO2025CV00039 del SUMAC.
[5] Entrada núm. 14 del caso núm. PO2025CV00039 del SUMAC.
[6] Entrada núm. 112 del caso núm. PO2025CV00039 del SUMAC.

En la referida moción, la parte peticionaria también expresó que aún quedaba pendiente determinar cuándo culminaría el descubrimiento de prueba, para propósitos de conocer la fecha límite para presentar mociones dispositivas. Esto, pues las partes no habían logrado ponerse de acuerdo respecto a la calendarización del descubrimiento de prueba restante. Así, en consideración a que únicamente quedaba pendiente un asunto relativo a la producción de unos videos, Walgreens propuso terminar el descubrimiento de prueba el 22 de octubre de 2025.

García Rodríguez, por su parte, presentó un escrito de réplica.[7] En síntesis, la recurrida manifestó que, como parte del descubrimiento de prueba restante, requería que Walgreens actualice la lista de los testigos que utilizará durante la vista en sus méritos, con un resumen de lo que propone cubrir con cada testimonio.

Tras evaluar lo planteado por ambas partes, el 20 de octubre de 2025, el foro *a quo* emitió una *Orden de Recalendarización de Caso*, que fue notificada al día siguiente.[8] Mediante el dictamen recurrido, el foro primario le concedió un término de veinte (20) días a Walgreens para producir una lista de los testigos que utilizará en el juicio, con el resumen de lo que propone cubrir con cada testimonio.

Inconforme, el 31 de octubre de 2025, Walgreens acudió ante este Foro mediante el recurso de epígrafe y señaló el siguiente error:

> Erró el Tribunal de Primera Instancia al requerirle a Walgreens, de forma prematura, proveer la lista de los testigos que va a utilizar en el juicio, con un resumen de lo que va a cubrir con cada testigo en la etapa del descubrimiento de prueba, a pesar de que las Reglas de Procedimiento Civil disponen que la determinación última sobre los testigos se hace en la etapa de la Conferencia con Antelación al Juicio, máxime cuando es la parte querellante quien tiene el peso de la prueba de todas sus causas de acción en este caso.

---

[7] Entrada núm. 113 del caso núm. PO2025CV00039 del SUMAC.
[8] Entrada núm. 114 del caso núm. PO2025CV00039 del SUMAC.

Ese mismo día, Walgreens también presentó ante este Foro una *Moción en Auxilio de Jurisdicción*, mediante la cual nos solicitó que emitamos una orden provisional en la que decretemos la paralización de los procedimientos a nivel de instancia.

Así, con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos específicos ulteriores.[9] De este modo, procedemos a disponer del recurso del epígrafe.

## II

## A

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

---

[9] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

**B**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

En cuanto al aspecto procesal de este recurso extraordinario, como regla general, es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 la disposición legal que codifica la revisión de los dictámenes interlocutorios del Tribunal de Primera Instancia. Asimismo, en tales supuestos, es aplicable la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40,

en la medida que esta dispone los criterios que este Foro debe considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

No obstante, como veremos a continuación, la normativa antes reseñada no es de aplicabilidad a las querellas presentadas al amparo del procedimiento sumario codificado en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* Esta ley dispone un procedimiento de naturaleza sumaria para aquellos casos que versen sobre reclamaciones de una persona obrera o empleada en contra de su patrono, referentes a cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados, o en ocasión a un despido de su empleo, sin justa causa. Todo esto, en aras de abreviar los trámites pertinentes a estas, de manera que resulte en un proceso menos oneroso para la persona trabajadora. 32 LPRA sec. 3118. Véase, además, *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 434 (2022); *León Torres v. Rivera Lebrón*, 204 DPR 20, 30-31 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 264-265 (2018).

El alcance de la Ley Núm. 2, *supra*, se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265. Es importante resaltar que la naturaleza de esta reclamación exige celeridad en su trámite para, así, cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes

recursos económicos entre un empleo y otro. *León Torres v. Rivera Lebrón*, supra.

Nuestro Tribunal Supremo ha reiterado que la naturaleza sumaria de la Ley Núm. 2, *supra*, constituye una característica esencial que, tanto las partes como los tribunales, deben respetar. *Ruiz Camilo v. Trafon Group, Inc.,* supra. De modo cónsono con lo anterior, nuestro más Alto Foro estableció que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, los tribunales apelativos debemos autolimitar nuestra facultad al efecto. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999). En consecuencia, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido. *Íd.,* pág. 497.

Sin embargo, dicha norma no es absoluta y cede en aquellos casos en que alguna resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo. A modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario, tramitado según la Ley Núm. 2, *supra*, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia. Véase, *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 349 (2021); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016); *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498.

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

**III.**

Tal y como reseñáramos, nuestra intervención apelativa con las determinaciones interlocutorias del foro primario en procesos incoados al amparo del procedimiento sumario para casos laborales codificado en la Ley Núm. 2, *supra*, es de carácter excepcional, por resultar contraria al carácter expedito de dicha legislación laboral. Para superar tal limitación a nuestra facultad revisora, es ineludible primero auscultar si acontecen algunas de las situaciones excepcionales que nos permitirían intervenir con el proceso expedito que dispone el citado estatuto. A tales efectos, precisa enfatizar que nos corresponde examinar si: (1) el foro primario actuó sin jurisdicción; (2) la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.[10]

En el caso de autos, Walgreens solicita nuestra intervención para revocar una *Orden de Recalendarización de Caso,* en la que dicho foro le concedió un término de veinte (20) días para producir, como parte del descubrimiento de prueba, una lista de los testigos que utilizará en el juicio, con un resumen de lo que propone cubrir con cada testimonio. Mediante el recurso ante nos, la parte peticionaria argumentó que la orden recurrida es contraria a derecho, debido a que aún no ha culminado el proceso de descubrimiento de prueba. De este modo, es la postura de Walgreens que las Reglas de Procedimiento Civil, 32 LPRA Ap. V, disponen que la determinación última sobre los testigos corresponde a la etapa posterior de Conferencia con Antelación a Juicio y no a la etapa de descubrimiento de prueba.

De una revisión de la determinación recurrida no cabe duda de que estamos ante una determinación de naturaleza

---

[10] Véase, *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 DPR 339, 349 (2021).

interlocutoria. Por otro lado, tampoco se encuentra presente alguna de las circunstancias excepcionales que podrían dar paso, en esta etapa de los procedimientos, a nuestra intervención en un caso incoado al amparo de la Ley Núm. 2, *supra*.[11]

En mérito de lo anterior, es forzoso concluir que el dictamen interlocutorio recurrido no se encuentra dentro del margen de excepción establecido por nuestro ordenamiento jurídico. En consecuencia, conforme a la normativa laboral aplicable, este no es susceptible de revisión por parte de este Foro, mediante el recurso extraordinario discrecional de *certiorari*. Así, por carecer de jurisdicción para atender, tanto la *Petición de Certiorari* ante nos, como la *Moción en Auxilio de Jurisdicción*, procede su desestimación, de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).[12]

**IV.**

Por los fundamentos que anteceden, se desestiman por falta de jurisdicción, tanto la *Petición de Certiorari* como la *Moción en Auxilio de Jurisdicción*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese inmediatamente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Id.*

[12] La referida disposición establece lo siguiente: "El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...]". Asimismo, reseñamos que la Regla 83 (B)(1) dispone lo siguiente: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción [...]".